# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CELESTE SMITH,<br><br>               Plaintiff,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br><br>               Defendant. | Civil File No. 23-CV-02231<br><br><br>**NOTICE OF REMOVAL** |

TO:    Clerk of Court, United States District Court for the District of Minnesota, 300 South Fourth Street, Suite 202, Minneapolis, Minnesota 55415; and Plaintiff, by and through her attorneys of record, Nicholas G. B. May, Fabian May & Anderson, PLLP, 1625 Medical Arts Building, 825 Nicollet Mall, Minneapolis, MN 55402.

Please take notice that Defendant U.S. Bank National Association[1] ("U.S. Bank") hereby removes this action from the Hennepin County District Court, Fourth Judicial District to the United States District Court for the District of Minnesota by filing this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, U.S. Bank states as follows:

## BACKGROUND

1. On July 5, 2023, Plaintiff Celeste Smith ("Plaintiff") served a Complaint captioned *Celeste Smith v. U.S. Bank*. On July 7, 2023 Plaintiff filed the Complaint, No.

---

[1] Plaintiff erroneously identifies "U.S. Bank National Association, Inc." as the Defendant. No such entity exists. The correct entity name is "U.S. Bank National Association."

27-CV-23-11053, in the District Court of the Fourth Judicial District, County of Hennepin, State of Minnesota.

2. In the Complaint, Plaintiff alleges that U.S. Bank violated the Minnesota Human Rights Act. (*See* Ex. A, Compl. ¶¶ 26-33.)

3. As required by 28 U.S.C. § 1446(a), the entire state court record, including a copy of the Summons and Complaint, is attached to this Notice of Removal as **Exhibit A**.

## DIVERSITY JURISDICTION

4. This Court has original jurisdiction of this action under 28 U.S.C. § 1332 because it is a civil action between citizens of different states where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Thus, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441.

5. Upon information and belief, Plaintiff is a citizen of the State of Minnesota. She has alleged in the Complaint that she is a resident of Washington County, Minnesota. Accordingly, Plaintiff is a citizen of Minnesota for purposes of diversity jurisdiction.

6. Defendant U.S. Bank National Association is a nationally chartered bank with its main office, as set forth in its articles of association, in the state of Ohio. (Declaration of Linda E. Bidon "Bidon Decl." ¶ 2.) Pursuant to 28 U.S.C. § 1348, a national banking association is a citizen of the state in which it is located. The Supreme Court has held that a national bank is located "in the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). U.S. Bank is a citizen of Ohio for purposes of diversity jurisdiction.

7. Plaintiff seeks damages, "including but not necessarily limited to loss of income, mental anguish, emotional distress, loss of reputation, and other compensation damages in excess of $50,000." (*See* Ex. A, Compl. ¶¶ 29, 33.) The prayer of the Complaint specifies that Plaintiff seeks "three times Plaintiff's actual damages, including back pay, front pay, damages for emotional distress and mental suffering, and punitive damages," and attorneys' fees. (*See id.*)

8. Under the Minnesota Human Rights Act, a court finding "that the respondent has engaged in an unfair discriminatory practice, the [court] shall order the respondent to pay an aggrieved party, who has suffered discrimination, compensatory damages in an amount up to three times the actual damages sustained." Minn. Stat. § 363A.29, subd. 4 (2022). A court "may also order the respondent to pay an aggrieved party, who has suffered discrimination, damages for mental anguish or suffering and reasonable attorney's fees, in addition to punitive damages in an amount not more than $25,000 pursuant to section 549.20." *Id*.

9. "[T]he amount in controversy is determined by the value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). Punitive damages and statutory attorney fees may be used to establish the amount in controversy. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001); *Larkin v. Brown*, 41 F.3d 387, 388-89 (8th Cir. 1994) (stating that a claim for punitive damages is subject to closer scrutiny when determining the amount in controversy).

10. U.S. Bank denies the allegations in the Complaint and denies Plaintiff suffered any damages. As pled, however, the total amount in controversy, including potential actual and statutory damages, emotional distress damages, and attorneys' fees, would exceed the $75,000.

11. Accordingly, U.S. Bank is entitled to remove this action to the United States District Court for the District of Minnesota.

## VENUE

12. The Hennepin County District Court in the Fourth Judicial District of the State of Minnesota is located within the Fourth Division of the United States District Court for the District of Minnesota.

13. This Notice of Removal is therefore properly filed in the United States District Court for the District of Minnesota, which is a proper venue under 28 U.S.C. § 1441(a).

## TIMELY AND PROPER NOTICE

14. Pursuant to 28 U.S.C. § 1446(b), U.S. Bank timely filed this Notice within 30 days after service of the Summons and Complaint on July 5, 2023.

15. U.S. Bank will promptly serve Plaintiff with a copy of this Notice of Removal and file a Notice of Filing of Notice of Removal with the Hennepin County District Court, as required by 28 U.S.C. § 1446(d).

## RESERVATION OF RIGHTS

16. By filing this Notice, U.S. Bank is not admitting to any fact, legal conclusion, liability, or damages. U.S. Bank expressly reserves all rights, claims, defenses, and

objections to the Complaint, as well as reserving the right to respond to the Complaint in any manner, including (but not limited to) the right to challenge Plaintiff's failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). U.S. Bank further reserves the right to amend or supplement this Notice as necessary.

17. If any question arises as to the propriety of the removal of this action, U.S. Bank request the opportunity to brief any disputed issues and to present oral argument in support of its position that the action is properly removable.

## CONCLUSION

18. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, U.S. Bank requests that this action be removed from the Fourth Judicial District of Minnesota, County of Hennepin, to the United States District Court for the District of Minnesota, and that all further proceedings be held before this Court.

Dated:  July 26, 2023                             **DORSEY & WHITNEY LLP**

By */s/ Briana Al Taqatqa*
    Edward B. Magarian (#208796)
    magarian.edward@dorsey.com
    Briana Al Taqatqa (#0399716)
    altaqatqa.briana@dorsey.com
    50 South Sixth Street, Suite 1500
    Minneapolis, MN 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorneys for Defendant U.S. Bank National Association*