## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| CELESTE SMITH,<br><br>                    Plaintiff,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>                    Defendant. | Civil File No. 23-CV-02231<br><br><br>**ANSWER** |

Please take notice that Defendant U.S. Bank National Association ("U.S. Bank"), by and through counsel, submits this Answer to Plaintiff's Complaint. Except as otherwise stated herein, U.S. Bank denies each and every allegation in Plaintiff's Complaint.

### PARTIES

1.     U.S. Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and denies them on that basis.

2.     U.S. Bank denies the allegations in Paragraph 2 because the Complaint erroneously identifies "U.S. Bank National Association, Inc." as the Defendant. No such entity exists. The correct entity name is "U.S. Bank National Association." U.S. Bank admits the remaining allegations in Paragraph 2.

### FACTUAL ALLEGATIONS

3.     U.S. Bank admits Plaintiff has been employed by U.S. Bank as a Client Relationship Consultant at the Hudson, Wisconsin branch since March 14, 2022. U.S. Bank admits Plaintiff has no documented performance management or discipline history at U.S.

Bank. U.S. Bank lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3 and denies them on that basis.

4.      U.S. Bank admits that Plaintiff reported to her manager what she believed to be unprofessional behavior, including inappropriate physical contact, between two co-workers. U.S. Bank admits that the remaining allegations in Paragraph 4 are consistent with the statement Plaintiff provided to U.S. Bank, however, U.S. Bank lacks knowledge or information sufficient to form an independent belief about the truth of the remaining allegations in Paragraph 4 and denies them on that basis.

5.      U.S. Bank denies the allegations in Paragraph 5.

6.      U.S. Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and denies them on that basis.

7.      U.S. Bank admits that Plaintiff reported feeling like Nygaard retaliated against her. U.S. Bank denies that Nygaard retaliated against Plaintiff. U.S. Bank lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7 and denies them on that basis.

8.      U.S. Bank admits that Plaintiff contacted Human Resources Advisory Services on July 28, 2022 and alleged that Nygaard and Komarek engaged in unprofessional conduct at work, that Nygaard retaliated against Plaintiff for reporting Nygaard and Komarek, and that Scholtz failed to adequately respond to Plaintiff's complaints about Nygaard and Komarek. U.S. Bank denies that human resources "never contacted Smith to follow up on her report, never opened an investigation, and failed to take any action." U.S. Bank further denies that Nygaard "was allowed to continue

retaliating against Smith." U.S. Bank states that Human Resources Advisory Services investigated Plaintiff's complaint and found the allegation that Nygaard and Komarek engaged in unprofessional conduct was substantiated. The other allegations were not substantiated. Human Resources Advisory Services sent a closing email to Plaintiff on October 4, 2022. U.S. Bank lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 and denies them on that basis.

9.      U.S. Bank admits that Plaintiff was on approved family leave from October 3, 2022 until February 10, 2023. U.S. Bank admits that Nygaard filed a complaint about Komarek with Human Resources Advisory Services. U.S. Bank also admits that Nygaard worked temporarily at another branch location and then returned to the Hudson, Wisconsin branch. U.S. Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and denies them on that basis.

10.     U.S. Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and denies them on that basis.

11.     U.S. Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and denies them on that basis.

12.     U.S. Bank admits that the allegations in Paragraph 12 are consistent with the statement Plaintiff provided to U.S. Bank, however, U.S. Bank lacks knowledge or information sufficient to form an independent belief about the truth of the allegations in Paragraph 12 and denies them on that basis.

13.     U.S. Bank admits that the allegations in Paragraph 13 are consistent with the statement Plaintiff provided to U.S. Bank, however, U.S. Bank lacks knowledge or

information sufficient to form an independent belief about the truth of the allegations in Paragraph 13 and denies them on that basis.

14.     U.S. Bank admits that the allegations in the first and third sentences of Paragraph 14 are consistent with the statement Plaintiff provided to U.S. Bank, however, U.S. Bank lacks knowledge or information sufficient to form an independent belief about the truth of the allegations in the first and third sentences of Paragraph 14 and denies them on that basis. U.S. Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 14 and denies them on that basis.

15.     U.S. Bank admits that the allegations in Paragraph 15 are consistent with the statement Plaintiff provided to U.S. Bank, however, U.S. Bank lacks knowledge or information sufficient to form an independent belief about the truth of the allegations in Paragraph 15 and denies them on that basis.

16.     U.S. Bank admits that the allegations in Paragraph 16 are consistent with the statement Plaintiff provided to U.S. Bank, however, U.S. Bank lacks knowledge or information sufficient to form an independent belief about the truth of the allegations in Paragraph 16 and denies them on that basis.

17.     U.S. Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and denies them on that basis.

18.     U.S. Bank admits that on April 8, 2023, Plaintiff sent an email to Hanley and Scholtz reporting the customer incident from April 5, 2023 and that she felt Nygaard did

not act to stop, but rather encouraged the customers' behavior. U.S. Bank denies the remaining allegations in Paragraph 18.

19.     U.S. Bank admits that Plaintiff was on approved family leave from April 10 through May 1, 2023. U.S. Bank also admits that Scholtz called Plaintiff to inform her that he had spoken with Hanley and they had opened a case with Human Resources Advisory Services. U.S. Bank denies the remaining allegations in Paragraph 19.

20.     U.S. Bank admits that Plaintiff returned from approved family leave on May 1, 2023. U.S. Bank admits that Human Resources Advisory Services did not contact Plaintiff between April 10, 2023 and May 1, 2023 while she was on approved family leave. U.S. Bank admits that Plaintiff asked Scholtz and Hanley for an update regarding her complaint. U.S. Bank states that Hanley contacted human resources to follow up on Plaintiff's complaint and informed Plaintiff that she would be contacted. U.S. Bank admits that Plaintiff contacted Human Resources Advisory Services on May 1, 2023. U.S. Bank lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20 and denies them on that basis.

21.     U.S. Bank denies that "HR did not consider her report urgent." U.S. Bank lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 and denies them on that basis.

22.     U.S. Bank denies that U.S. Bank failed to take any remedial action.  U.S. Bank lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22 and denies them on that basis.

23.     U.S. Bank admits that Human Resources Advisory Services contacted Plaintiff on May 12, 2023 and that Lead Human Resources Advisor Rene Shepherd spoke with Plaintiff on May 17, 2023. U.S. Bank denies the remaining allegations in Paragraph 23.

24.     U.S. Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and denies them on that basis.

25.     U.S. Bank denies the allegations in Paragraph 25.

## CAUSES OF ACTION

### COUNT I:
### SEX DISCRIMINATION IN VIOLATION OF THE MHRA

26.     In response to Paragraph 26, U.S. Bank restates and incorporates by reference its responses to Paragraphs 1-25 as if stated in full in this Paragraph.

27.     The allegations in Paragraph 27 state legal conclusions to which no response is required.

28.     U.S. Bank denies the allegations in Paragraph 28.

29.     U.S. Bank denies the allegations in Paragraph 29.

### COUNT II:
### REPRISAL IN VIOLATION OF THE MHRA

30.     In response to Paragraph 30, U.S. Bank restates and incorporates by reference its responses to Paragraphs 1-29 as if stated in full in this Paragraph.

31.     The allegations in Paragraph 31 state legal conclusions to which no response is required.

32.     U.S. Bank denies the allegations in Paragraph 32.

33.     U.S. Bank denies the allegations in Paragraph 33.

### PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, U.S. Bank denies that Plaintiff is entitled to all relief requested in the Complaint.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

U.S. Bank alleges and asserts the following defenses (in addition to those stated above), undertaking the burden of proof only as to those defenses deemed affirmative defenses by law. U.S. Bank reserves all rights to assert any other or additional defenses that are now or may become available or appear during, or as a result of, discovery, other proceedings, or further investigation.

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by various equitable doctrines, including, without limitation, the doctrines of waiver, estoppel, and laches.

### THIRD DEFENSE

Any damage, loss, or injury allegedly sustained by Plaintiff, the existence of which is expressly denied, was not caused by or attributable to U.S. Bank.

### FOURTH DEFENSE

U.S. Bank exercised reasonable care to prevent, avoid, and/or correct any harmful, wrongful, or unlawful conduct towards Plaintiff, the existence of which is expressly denied.

**FIFTH DEFENSE**

At all relevant times, U.S. Bank had in place and in force policies and procedures prohibiting discrimination, harassment, and retaliation, and procedures for the reporting of perceived discrimination, harassment, and retaliation.  Those policies and procedures were published and otherwise made known to Plaintiff, yet Plaintiff unreasonably failed to avail herself of said policies and procedures or to avoid harm otherwise.

**SIXTH DEFENSE**

Plaintiff unreasonably failed to take advantage of appropriate opportunities to prevent, mitigate, accommodate, and/or correct any damages, harmful conduct, problems, or complaints.

**SEVENTH DEFENSE**

U.S. Bank did not act with malice, ill will, or in reckless disregard for Plaintiff's rights with respect to any actions affecting Plaintiff and, with respect to any such actions, U.S. Bank acted lawfully and in good faith.

**EIGHTH DEFENSE**

Plaintiff's claims are frivolous and are not warranted by existing law, in whole or in part; the allegations do not have evidentiary support and are not likely to have evidentiary support after a reasonable opportunity for further investigation; and therefore Plaintiff owes U.S. Bank for all attorneys' fees and costs reasonably incurred in defense of these claims.

**NINTH DEFENSE**

Any and all actions of U.S. Bank were undertaken for legitimate and nondiscriminatory business purposes and without unlawful purpose or motive.

## TENTH DEFENSE

Plaintiff's claim for punitive damages is barred because it violates the statutory requirements for such a claim pursuant to Minn. Stat. § 549.191 and because Plaintiff is not entitled to punitive damages under the MHRA.

## ELEVENTH DEFENSE

U.S. Bank alleges the claims contained in the Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which any claims are barred by one or more said affirmative defenses not specifically set out above cannot be determined until U.S. Bank has an opportunity to complete discovery.  U.S. Bank, therefore, incorporates all such defenses as if fully set forth herein, and reserves the right to amend its listed defenses through the time of trial.

## PRAYER FOR RELIEF

**WHEREFORE**, U.S. Bank prays for judgment as follows:

(A)     Dismissing Plaintiff's Complaint with prejudice;

(B)     Awarding U.S. Bank its costs, disbursements, and attorneys' fees incurred herein; and

(C)     Awarding U.S. Bank such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

U.S. Bank hereby demands a trial by jury on all issues so triable.

Dated:  August 2, 2023                    **DORSEY & WHITNEY LLP**

By */s/ Briana Al Taqatqa*
    Edward B. Magarian (#208796)
    magarian.edward@dorsey.com
    Briana Al Taqatqa (#0399716)
    altaqatqa.briana@dorsey.com
    50 South Sixth Street, Suite 1500
    Minneapolis, MN 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorneys for Defendant U.S. Bank
National Association*