UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Celeste Smith, | Case No. 23-cv-2231 (JWB/DJF) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| U.S. Bank National Association, Inc., | |
| Defendant. | |

This matter is before the Court on the parties Proposed Protective Order (ECF No. 11-1). The parties disagree regarding whether the Protective Order entered in this case should contain a provision for designating documents as "confidential-attorneys' eyes only." Having considered the parties' positions, and weighing the costs and benefits of each position, the Court finds the inclusion of such a provision will further the interests of litigation efficiency more than its exclusion. The Court cautions the parties, however, that this designation must be used sparingly. Any strategic use of this designation for the purpose of impeding the opposing party's ability to participate fully in the litigation will not be tolerated. In addition, documents disclosed with this designation should be redacted and disclosed again without the designation whenever redaction of the highly sensitive information sought to be protected is feasible.

The Court accordingly enters the following Protective Order, which shall govern discovery in this action:

**1    Definitions.** As used in this protective order:

(a)    "attorney" means an attorney who has appeared in this action;

1

 (b) "confidential document" means a document designated as confidential under this protective order;

 (c) "confidential – attorneys' eyes only document" means a document designated as attorneys' eyes only under this protective order;

 (d) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

 (e) "document" means information disclosed or produced in discovery, including at a deposition;

 (f) "notice" or "notify" means written notice;

 (g) "party" means a party to this action; and

 (h) "protected document" means a document protected by a privilege or the work-product doctrine.

**2 Designating a Document or Deposition as Confidential or Attorneys' Eyes Only.**

 (a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

 (b) A party or non-party disclosing or producing a document may designate it as attorneys' eyes only if the party or non-party contends that it contains highly sensitive commercial, proprietary, or trade secret information, or highly sensitive private or personal information. Documents designated attorneys' eyes only may be disclosed only to those persons qualifying under Paragraph 3(b)(1)-(4) and (6).

 (c) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential." A party or non-party may designate a document as attorneys' eyes only by conspicuously marking each page with the words "attorneys' eyes only."

 (d) Deposition testimony may be designated as confidential or attorneys' eyes only:

  (1) on the record at the deposition; or

  (2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

 (e) If a witness is expected to testify as to confidential or proprietary information or documents designated attorneys' eyes only, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential or attorneys' eyes only documents.

**3 Who May Receive a Confidential Document.**

 (a) A confidential document may be used only in this action.

 (b) No person receiving a confidential document may reveal it, except to:

  (1) the court and its staff;

  (2) an attorney or an attorney's partner, associate, or staff;

  (3) a person shown on the face of the confidential document to have authored or received it;

  (4) a court reporter or videographer retained in connection with this action;

  (5) a party (subject to paragraph 3(c)); and

  (6) any person who:

   (A) is retained to assist a party or attorney with this action; and

      (B)    signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Smith v. U.S. Bank National Association, Inc.*, 23-cv-2231, in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
> I declare under penalty of perjury that the foregoing is true and correct.

(c)    If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4**    **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

**5**    **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential or attorneys' eyes only document not designated as confidential or attorneys' eyes only may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential or attorneys' eyes only.

**6**    **Use of a Confidential or Attorneys' Eyes Only Document in Court.**

(a)    Filing. This protective order does not authorize the filing of any document under seal. A confidential or attorneys' eyes only document may be filed only in accordance with LR 5.6.

(b)    Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential or attorneys' eyes only document at a hearing or trial must

promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

**7**   **Changing a Confidential or Attorneys' Eyes Only Document's Designation.**

 (a) Document disclosed or produced by a party.  A confidential or attorneys' eyes only document disclosed or produced by a party remains confidential or attorneys' eyes only unless the parties agree to change its designation or the court orders otherwise.

 (b) Document produced by a non-party.  A confidential or attorneys' eyes only document produced by a non-party remains confidential or attorneys' eyes only unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

 (c) Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential or attorneys' eyes only must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8**   **Handling a Confidential or Attorneys' Eyes Only Document after Termination of Litigation.**

 (a) Within 60 days after the termination of this action (including any appeals), each party must:

  (1) return or destroy all confidential and attorneys' eyes only documents; and

  (2) notify the disclosing or producing party or non-party that it has returned or destroyed all confidential and attorneys' eyes only documents within the 60-day period.

(b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential or attorneys' eyes only document submitted to the court.

9    **Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a) Notice.

(1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

10   **Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any confidential or attorneys' eyes only document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11   **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

**SO ORDERED**.

Dated:  October 12, 2023                              *s/ Dulce J. Foster*
                                                                        Dulce J. Foster
                                                                        United States Magistrate Judge